**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEVELOPERS SURETY AND INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL PAVING AND CONTRACTING, LLC et al.,<br><br>Defendants. | Civil Action No. 25-6139 (RK) (RLS)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon Plaintiff Developers Surety and Indemnity Company's ("Plaintiff") unopposed Motion for Default Judgment against four of the nine defendants in this action—Defendants Capital Paving and Contracting, LLC, Capital Trucking, LLC, Brent Mitzak, and Keri Mitzak (collectively, the "Defaulted Defendants"). ("Mot.," ECF No. 21.) Plaintiff and the five other named defendants (collectively, the "Answering Defendants") are presently engaged in discovery. (*See* ECF Nos. 19, 22.) The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motion for Default Judgment is **DENIED**.

**I.      BACKGROUND**

On May 29, 2025, Plaintiff filed this breach of contract action, ("Compl.," ECF No. 1), against two entities and seven individuals (collectively, "Defendants") who allegedly entered an Indemnity Agreement (the "Agreement") with Plaintiff on January 24, 2024, (*id.* ¶ 13). Plaintiff

alleges it agreed to issue Performance and Payment Bonds covering various projects undertaken by Capital Paving and Contracting, LLC ("Capital Paving"), and Defendants in return agreed to exonerate and indemnify Plaintiff against any claims arising from those projects. (*Id.* ¶¶ 13–14.) According to Plaintiff, when two claims were later made "seeking to secure performance and/or recover damages associated with the failure of Capital [Paving] to satisfy its obligations under the various agreements which were secured by the Subject Bonds," (*id.* ¶ 16), Plaintiff made good on its promises by resolving the claims, (*see id.* ¶¶ 16–18; *see also* ECF No. 21-2 ¶¶ 7–15), but Defendants failed to indemnify, reimburse, or exonerate Plaintiff in violation of their contractual obligations, (Compl. ¶¶ 19, 22–23, 26, 31, 37[1]). Based on these factual allegations, Plaintiff filed a five-count Complaint, asserting three claims against all Defendants for indemnification and reimbursement, specific performance, and exoneration, (*id.* ¶¶ 13–19, 24–32), and two claims against Capital Paving only, as the designated principal under the Agreement, for common law indemnification and common law exoneration, (*id.* ¶¶ 20–23, 33–37).

Five defendants answered Plaintiff's Complaint. On July 24, 2025, Shannon Lazrovitch, Anthony Guidi, Jr., and Jennifer Lalor filed an answer, (ECF No. 7), with crossclaims against all co-defendants for contribution and indemnification, (*id.* at 10), and on August 12, 2025, Steven and Jennifer Spadacinni filed an answer, (ECF No. 8). After the remaining defendants—Capital Paving, Capital Trucking, LLC, and Brent and Keri Mitzak—failed to appear, answer, or otherwise defend against Plaintiff's claims, Plaintiff requested and obtained Clerk's entries of default against them. (*See* ECF Nos. 11, 17.)

---

[1] Plaintiff appears to have mistakenly numbered paragraph 37 of its Complaint as a second paragraph 31; the paragraph immediately follows paragraphs 35 and 36 but is numbered paragraph 31. The Court thus refers to this Complaint paragraph, which spans pages 8–9 of the Complaint, as paragraph 37.

Plaintiff now moves for default judgments against the Defaulted Defendants pursuant to Federal Rule of Civil Procedure 55(b). (*See* Mot.) No Defendant has responded to the Motion, and the Defaulted Defendants still have not appeared, nor have they attempted to set aside the defaults entered against them.

## II.   LEGAL STANDARD

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). However, that discretion is not unbounded, and the United States Court of Appeals for the Third Circuit has a "preference" for decisions on the merits. *Id.* at 1181. Moreover, "if default is entered against some defendants in a multi-defendant case, the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against non-defaulting defendants: if plaintiff loses on merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants."[2] *Animal Sci. Prods., Inc. v. China Nat'l Metals & Mins. Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008) (citing *Jefferson v. Briner, Inc.*, 461 F. Supp. 2d 430 (E.D. Va. 2006) (relying on *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872))). Specifically, courts should deny default judgments when granting such a judgment "would create the risk of potentially

---

[2] Federal Rule of Civil Procedure 54(b) similarly provides that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*." Fed. R. Civ. P. 54(b) (emphasis added). Whether "there is no just reason for delay" is informed by several factors, including "the relationship between the adjudicated and unadjudicated claims; the possibility that the need for review might or might not be mooted by future developments in the district court; [and] the possibility that the reviewing court might be obliged to consider the same issue a second time." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 203 (3d Cir. 2006) (numbering omitted) (quoting *Allis-Chalmers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 363 (3d Cir. 1975), *abrogated on other grounds by*, *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 12–13 (1980)). These factors warrant the denial of default judgment here, for the reasons explained below; the Court's analysis is the same whether framed in terms of these factors or concerns about inconsistency. *See, e.g.*, *Joe Hand Promotions, Inc. v. Tickle*, No. 12-01874, 2014 WL 1051821, at *5–7 (M.D. Pa. Mar. 17, 2014) (denying default judgment based on both the goal of preventing inconsistent outcomes and the Rule 54(b) factors).

inconsistent judgments based on identical allegations." *Eteam, Inc. v. Hilton Worldwide Holdings, Inc.*, No. 15-5057, 2016 WL 54676, at *3 (D.N.J. Jan. 5, 2016). That risk is especially high in cases involving joint and several liability. *See, e.g.*, *Alpine Fresh, Inc. v. Jala Trucking Corp.*, 181 F. Supp. 3d 250, 258 (D.N.J. 2016) (citing *Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 154 (3d Cir. 1986)).

## III.  DISCUSSION

The risk of inconsistent judgments warrants the denial of default judgment here.

The same factual allegations underly Plaintiff's claims against the Defaulted Defendants and Answering Defendants alike—namely that Plaintiff has incurred losses and liabilities in connection with projects it bonded pursuant to the parties' Indemnity Agreement, for which Defendants have failed to indemnify, reimburse, and exonerate Plaintiff. (*See* Compl. ¶¶ 13–19.) In the course of defending against these allegations, the Answering Defendants may well present evidence that undermines not only their individual liability but the liability of all Defendants. *Cf. Farzetta*, 797 F.2d at 154 ("[I]f at trial facts are proved that exonerate certain defendants and that as a matter of logic preclude the liability of another defendant, the plaintiff should be collaterally estopped from obtaining a judgment against the latter defendant even though it failed to participate in the proceeding in which the exculpatory facts were proved."). The Answering Defendants indeed appear to dispute both their own roles in any injury or damages sustained by Plaintiff as well as the occurrence of any such injury or damages in the first place.[3] (*See* ECF No. 7 at 7–9;

---

[3] Inconsistency remains a risk even if Defendants are "not . . . similarly situated as to their defenses." *Joe Hand Promotions*, 2014 WL 1051821, at *6. If, for example, "the Court were to enter default judgment against [the Defaulted Defendants], and the Plaintiff chooses to enforce the judgment against those only [sic] Defendants rather than continue with the burden of litigating against [the Answering Defendants]," the latter "would escape liability, the [Defaulted] Defendants would unjustly bear the burden of judgment, and the result would be incongruous." *Id.*

ECF No. 8 at 6–8.)

So too, three of the Answering Defendants have asserted crossclaims for indemnification and contribution against all other Defendants, (ECF No. 7 at 10), which "further reinforce[s]" the appropriateness of denying default judgment at this stage. *S. A. Communale Co. Inc. v. Reddy-Buffaloes Fire Pump, Inc.*, No. 19-2219, 2019 WL 13394977, at *1 (E.D. Pa. Oct. 1, 2019); *see Alpine Fresh*, 181 F. Supp. 3d at 258 (declining to grant default judgment against defaulted defendant where liability was joint and several and where answering defendant brought crossclaims for contribution and indemnification). Finally, as Plaintiff notes, (ECF No. 21-2 ¶ 16 n.2 (citing ECF No. 1-1 at 1)), the Indemnity Agreement imposes joint and several liability, (ECF No. 1-1 at 6). Thus, this a case in which the "preferred practice" of "withhold[ing] granting default judgment until the action is resolved on its merits against non-defaulting defendants" is "strictly applied." *Alpine Fresh*, 181 F. Supp. 3d at 258 (quoting *Animal Sci. Prods., Inc.*, 596 F.Supp.2d at 849; citing *Farzetta*, 797 F.2d at 154).[4]

For its part, Plaintiff makes no argument for why the Court should deviate from this preferred practice. It does not address the risk of inconsistency posed by entering default judgments here, nor does it demonstrate that it would be prejudiced by the denial of default judgments pending the resolution of the Answering Defendants' liability. *See Obembe v. Tata Consultancy Servs., Ltd.*, No. 25-01027, 2025 WL 2550522, at *3 (D.N.J. Sept. 4, 2025) (citing *W. Am. Ins. Co. v. Boyarski*, No. 11-2139, 2012 WL 4755372, at *3 (M.D. Pa. Oct. 5, 2012)); (*see also* Mot. at 3–4

---

[4] The risk of inconsistency is no less great with respect to the two claims Plaintiff asserts against Capital Paving only. These common law claims parallel Plaintiff's contractual claims against all Defendants and, again, are premised on shared factual allegations. (*Compare* Compl. ¶¶ 13–19, 28–32 (respectively alleging claims of indemnification and exoneration against all Defendants), *with id.* ¶¶ 20–23, 33–37 (respectively alleging claims of common law indemnification and common law exoneration against Capital Paving).)

5

(addressing the general default judgment factors but not the issue of potential inconsistency and asserting, without elaboration, that "Plaintiff is prejudiced by the continued delay in Indemnity Defendants filing an answer")). Plaintiff thus fails to justify the entry of default judgments against the Defaulted Defendants at this time.

Therefore, **IT IS** on this 9th day of January, 2026,

**ORDERED** that Plaintiff's Motion for Default Judgment, (ECF No. 21), is **DENIED** without prejudice, and it is further

**ORDERED** that the Clerk of the Court **TERMINATE** the Motion pending at ECF No. 21.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

6